(June 28, 1918.)

L. G. THOMPSON and MRS. L. G. THOMPSON, His Wife, Respondents, v. GREAT NORTHERN RAILWAY COMPANY, a Corporation, Appellant.

[174 Pac. 607.]

INTERSTATE COMMERCE ACT—CUMMINS AMENDMENT—COMMON CARRIER —LIMITATION OF LIABILITY—DECLARATION OF VALUE.

1. A common carrier receiving goods for interstate transportation is liable for full actual loss, damage, or injury thereof caused by it unless, when the shipment is made, the property is hidden from view and the carrier is not notified as to its character, in which event it may limit the liability to an amount which it may require the shipper to state, in writing, as the value of the goods.

2. A common carrier cannot require a shipper to state the value of an interstate shipment, nor can it rely upon such statement, if made, as a limitation of liability unless the property be hidden from view and the carrier be not informed of the character thereof.

[As to agreements with carriers fixing the value of property shipped, see note in 23 Am. St. 595.]

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. John M. Flynn, Judge.

Action to recover damages for loss of interstate shipment while in possession of carrier. Judgment for plaintiff. *Affirmed.*

Chas. S. Albert, Thomas Balmer and Herman H. Taylor, for Appellant.

Under the Cummins amendment the declared value is the limit of recovery. (*Adams Express Co. v. Croninger,* 226 U. S. 491, 33 Sup. Ct. 148, 57 L. ed. 314, 44 L. R. A., N. S., 257; *Chicago, B & Q. R. Co. v. Miller,* 226 U. S. 513, 33 Sup. Ct. 155, 57 L. ed. 323; *Chicago, St. P. M. & O. Ry. v. Latta,* 226 U. S. 519, 33 Sup. Ct. 155, 57 L. ed. 328; *Wells, Fargo & Co. v. Neiman-Marcus Co.,* 227 U. S. 469, 33 Sup. Ct. 267, 57 L. ed. 600; *Kansas City Southern Ry. Co. v. Carl,* 227 U. S. 639, 33 Sup. Ct. 391, 57 L. ed. 683; *Missouri K. & T. R. Co. v. Harriman Bros.,* 227 U. S. 657, 33 Sup. Ct. 397, 57 L. ed. 690; *Great Northern Ry. Co. v. O'Connor,* 232 U. S. 508, 34 Sup. Ct. 380, 58 L. ed. 703, 8 N. C. C. A. 53; *Atchison, T. & S. F. R. Co. v. Robinson,* 233 U. S. 173, 34 Sup. Ct. 556, 58 L. ed. 901; *George N. Pierce Co. v. Wells Fargo & Co.,* 236 U. S. 278, 35 Sup. Ct. 351, 59 L. ed. 576; *Cincinnati, N. & O. T. P. R. Co. v. Rankin,* 241 U. S. 319, 36 Sup. Ct. 555, 60 L. ed. 1022, L. R. A. 1917A, 265; *Erie R. Co. v. Stone,* 244 U. S. 332, 37 Sup. Ct. 633, 61 L. ed. 1173; *Missouri K. & T. R. Co. v. Ward,* 244 U. S. 383, 37 Sup. Ct. 617, 61 L. ed. 1213.)

The effect of filing schedules of rates, rules and regulations with the Interstate Commerce Commission is to make the same binding upon shipper and carrier alike, thus making effective the purpose of the act to have but one rate open to all alike. All persons are presumed to have knowledge of the rates, rules and regulations so filed. They enter into and become a part of every interstate contract of shipment, and no contract at variance with their terms is of any force. (*Chicago R. I. & P. R. Co. v. Cramer,* 232 U. S. 490, 34 Sup. Ct. 383, 58 L. ed. 697; *Boston & Maine R. Co. v. Hooker,* 233 U. S. 97, Ann. Cas. 1915D, 593, 34 Sup. Ct. 526, 58 L. ed. 868, L. R. A. 1915B, 450.)

The courts have uniformly refused to enforce alleged special contracts, departing from the filed regulations. (*Chicago & Alton R. Co. v. Kirby,* 225 U. S. 155, Ann. Cas. 1914A, 501, 32 Sup. Ct. 648, 56 L. ed. 1033; *Southern R. Co. v. Prescott,*

240 U. S. 632, 36 Sup. Ct. 469, 60 L. ed. 836; *Georgia, F. & A. R. Co. v. Blish Milling Co.*, 241 U. S. 190, 36 Sup. Ct. 541, 60 L. ed. 948.)

J. B. Hogan, for Respondent.

The freight agent of the railway company wrote in the bill of lading a value on the property involved herein, which he knew at that time had no reference whatsoever to the real value of the property, and in so doing he violated not only the provisions of the Cummins amendment, in force and effect at that time, but also the instructions of the Interstate Commerce Commission, issued in pursuance of said amendment. (*Adams Express Co. v. Croninger*, 226 U. S. 491, Ann. Cas. 1913B, 990, note, 33 Sup. Ct. 148, 57 L. ed. 314, 44 L. R. A., N. S., 257.)

MORGAN, J.—May 13, 1916, at Seattle, Washington, respondent, Mrs. Thompson, by her agent, Reeves, arranged with appellant to ship to Coeur d'Alene, Idaho, certain household goods which were boxed in such a manner as to be hidden from view, and received from appellant's agent a bill of lading upon which appeared an indorsement as follows: "I hereby declare the actual value of the property herein described to be $10 per 100 lbs. Mrs. L. G. Thompson, per F. A. Reeves." The freight charges of $5.40, paid by respondent, were based upon the value so shown. The goods were destroyed by fire, in transit, while in appellant's possession, and respondents brought this action to recover the full value thereof. Appellant admitted a liability of $48, based upon a value of $10 per hundred pounds for 480 pounds, the weight of the shipment. From a judgment for respondent for $565, with charges and costs, and from an order denying a motion for a new trial, this appeal is taken.

At the time of shipment appellant had on file with the Interstate Commerce Commission of the United States, and had posted and published, its tariffs, showing that the freight rate, over its own and a connecting line, from Seattle to Coeur d'Alene, on household goods, in less than carload lots,

of the weight of the particular shipment in question, if the actual value thereof did not exceed $10 per hundred pounds, was $5.40, and if it did exceed that amount, was $8.10. As a part of such tariffs so filed, published and posted, there was included what was known as Rule 2, as follows:

"Ratings on various articles are conditioned upon actual valuations declared by shippers at time and place of shipment, and the following stipulation must be entered in full on shipping order and bill of lading and signed by the shipper:

"I hereby declare the value of the property herein described to be ——. (Shipper's signature.)

"Where shippers refuse to declare value at time and place of shipment, goods will not be accepted for transportation. (Issued in compliance with and under permission of report of the Interstate Commerce Commission in I. C. C. *Ex parte* No. 49, May 7, 1915, *in re* Cummins Amendment to the act to regulate commerce, 33 I. C. C. 682.)"

Over appellant's objection Reeves was permitted to testify that he shipped the goods as household goods; that he did not know the value thereof, and, in answer to an inquiry, so informed the freight agent; that thereupon the agent, asserting that there had to be a value placed on the shipment, wrote the indorsement heretofore quoted on the bill of lading, which Reeves signed as agent for Mrs. Thompson.

The interstate commerce law was amended by the act of March 4, 1915 (chap. 176, 38 Stats. at L. 1196), commonly known as the Cummins Amendment. This act, which is controlling herein, is, as far as material to this case, as follows:

"That any . . . . railroad . . . . company subject to the provisions of this act receiving property for transportation from a point in one state . . . . to a point in another state . . . . shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage or injury to such property caused by it . . . . and no contract, receipt, rule, regulation or other limitation of any character whatsoever, shall exempt such . . . . railroad . . . . company from the liability hereby imposed; and any such . . . . railroad . . . . company so receiving property for transportation

from a point in one state . . . . to a point in another state . . . . shall be liable to the lawful holder of said receipt or bill of lading or to any party entitled to recover thereon . . . . for the full actual loss, damage or injury to such property caused by it . . . . notwithstanding any limitation of liability or limitation of the amount of recovery or representation or agreement as to value in any such receipt or bill of lading, or in any contract, rule, regulation, or in any tariff filed with the interstate commerce commission and any such limitation, without respect to the manner or form in which it is sought to be made is hereby declared to be unlawful and void; pro‧vided, however, that if the goods are hidden from view by wrapping, boxing, or other means, and the carrier is not notified as to the character of the goods, the carrier may require the shipper to specifically state in writing the value of the goods, and the carrier shall not be liable beyond the amount so specifically stated.''

While the carrier is made liable for the actual value of the goods, there is nothing in the act that prohibits it from charging such rates as may be consistent with its responsibility, subject, of course, to such regulations as may be provided by the Interstate Commerce Commission. Instead of permitting shipper and carrier to agree upon a value fixing both rate and liability, the liability is declared to be the actual value of the property, and the rate charged will, as a matter of course, be the compensation for which the carrier has stated, in its published and filed tariffs, it will transport goods of such character and value between the points of shipment involved. For the purpose of ascertaining the actual value of the shipment, as that it may determine the rate, the carrier is entitled either to an inspection of the property, or information of the character thereof. To meet a situation when it. has neither, the Cummins amendment provides that ''if the goods are hidden from view . . . . and the carrier is not notified as to the character'' thereof, it ''may require the shipper to specifically state in writing the value of the goods, and the carrier shall not be liable beyond the amount so specifically stated.'' Before the shipper can be required to state

the value in writing, and before the carrier can rely upon such statement, if made, as a limitation of liability, two conditions, not one, must exist; the property must be hidden from view, and the carrier must be not notified of its character. If both conditions do exist, and the shipper refuses to declare a value, it is entirely reasonable and consistent with the act to permit the carrier to refuse to accept the goods for transportation as provided for in Rule 2, above quoted.

In this case respondent's agent shipped the property as household goods, stating that he did not know their value. Appellant, being informed of the character of the goods, could not require respondent to state the value thereof. If, however, she did state a value, it could, pursuant to Rule 2, be only for the purpose of assisting appellant in determining the rate and could not, because of the plain provisions of the statute, be a limitation of liability in case of loss or damage.

The value stated by respondent was not binding upon appellant. Being informed of the character of the shipment—that it consisted of household goods—it was within its power, either with or without respondent's declaration, to fix the value of the property for which it was about to assume liability, either at not to exceed $10 a hundred pounds, or more than that amount and, having done so, was entitled to charge the rate which it had lawfully established as commensurate with its responsibility for goods of such value. It is shown by the testimony of Reeves, which was properly admitted for that purpose, that appellant was not misled either as to the character or value of the shipment.

We find no error in the record. The judgment and order appealed from are affirmed. Costs are awarded to respondents.

Budge, C. J., and Rice, J., concur.